**SUNRICH FOOD GROUP, INC.,**
a Minnesota corporation,
Plaintiff,

v.

**PACIFIC FOODS OF OREGON, INC.,**
an Oregon corporation,
Defendant.

No. CIV.01–1108–FR.

United States District Court,
D. Oregon.

Sept. 17, 2002.

Order Denying Reconsideration
Nov. 24, 2002.

Peter E. Heuser, Owen W. Dukelow, Kolisch, Hartwell, Dickinson, McCormack & Heuser, P.C., Portland, Eric A. Bartsch, Marc A. Al, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, for Plaintiff.

Michael M. Ratoza, Laura Caldera Taylor, Ratoza Long, P.C., Portland, Bryan P. Coluccio, Cable, Langerbach, Kinerk & Bauer, LLP, Seattle, WA, for Defendant.

## OPINION

FRYE, District Judge.

The matters before the court are 1) Sunrich Food Group, Inc.'s motion for partial summary judgment (# 93); and 2) defendant Pacific Foods of Oregon, Inc.'s cross-motion for partial summary judgment (# 164).

## BACKGROUND

On July 20, 2001, the plaintiff, Sunrich Food Group, Inc. (Sunrich), filed a verified complaint in this action against the defendant, Pacific Foods of Oregon, Inc. (Pacific Foods), setting forth claims for relief for breach of contract, tortious interference with contract, tortious interference with prospective business advantage, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duties and the duty of loyalty, and misappropriation of trade secrets.

On October 23, 2001, Pacific Foods filed an Answer, Affirmative Defenses and First Amended Counterclaims, including Claim Four entitled "Cancellation of Plaintiff's

Rights in the Trademarks SOY–UM and RICE–UM," which states, in part:

    3.19 Plaintiff's registered trademarks in SOY–UM and RICE–UM must be cancelled due to the fraud on the U.S. Patent and Trademark Office in that Plaintiff's predecessor failed to disclose to the PTO, during the time of prosecution of the trademark applications for SOY–UM and RICE–UM, that the applicant had never used the marks itself, that the applicant was relying on the sole use of the marks by an undisclosed licensee, and that the applicant did not reserve any supervision or quality control rights or function, *de jure* or *de facto,* over its licensee.

    3.20 Plaintiff's trademark rights in the names SOY–UM and RICE–UM must be cancelled and any right of ownership forfeited as a result of plaintiff failing to maintain or exercise supervision or quality control over products bearing the trademarks SOY–UM and RICE–UM which have been licensed to others and have never been used by Plaintiff or its predecessor apart from the licensing agreements.

    3.21 Plaintiff's trademark rights in SOY–UM and RICE–UM must be cancelled because there is no goodwill in the marks that can be attributed to Plaintiff or its predecessor, or any goodwill in the marks belong to the licensee of Plaintiff.

Answer, Affirmative Defenses and First Amended Counterclaims of Defendant Pacific Foods of Oregon, Inc., pp. 15–16.

## FACTS

In approximately 1993, Pacific Foods was contacted by Naomi Williams, a food consultant, on behalf of Jenkins & Gournoe, Inc., doing business as First Light Foods, concerning the manufacture and packaging of a soy beverage under the brand name "SOY–UM." Pacific Foods agreed to and developed a product formulation for a soy beverage that was packaged for First Light Foods under the label SOY–UM. All rights and ownership of this formula remained the exclusive property of Pacific Foods.

In approximately 1994, the Trader Joe's grocery store chain began selling the SOY–UM labeled product in its stores. SOY–UM was packaged and manufactured by Pacific Foods for First Light Foods as a private label, using formulations owned exclusively by Pacific Foods. On June 5, 1996, First Light Foods entered into a Co-Brand Agreement with Trader Joe's, which provided that Trader Joe's would sell SOY–UM and RICE–UM labeled beverages exclusively in its stores under the TRADER JOE'S trademark. The letter agreement provided as follows:

The following provides in principle the Soy–Um and Rice–Um co-brand agreement between First Light Foods and Trader Joes. This agreement provides exclusive marketing rights to Trader Joes of the registered trademarks Soy–Um and Rice–Um for current products and future line extensions. These trademarks are owned by Jenkins & Gournoe, Inc. DBA First Light Foods.

First Light Foods will license the rights to market the Soy–Um and Rice–Um brands under the Trader Joes label. Additionally, Trader Joes would guarantee continued use of the Soy–Um and Rice–Um brands as long as this license agreement remains in effect.

First Light Foods will continue to be the exclusive vendor source of the products under the licensed brands. This includes sourcing, packaging, and delivery of these licensed brands and all future line extensions.

The volume, pricing, and positioning objectives would be mutually agreed on by Trader Joes and First Light Foods on a regular basis. An objective of this agreement is to maximize growth oppor-

tunities within the respective categories the brands will be utilized.

Packaging and finished goods inventory will be maintained by First Light Foods on a consistent basis. Continued review and agreement on timeliness will be maintained. Incremental costs incurred in new creative, i.e., art, plates, outside costs, will be shared on a project by project basis on a budget which will be mutually agreed on.

October 7, 1996 is the projected introduction of the Trader Joes Soy–Um and Rice–Um categories.

The term of this agreement will remain in effect as long as the license arrangement is maintained. Upon termination Trader Joes will utilize existing "Trader Joes" labeled inventories. These inventories will be maintained on a six month supply basis unless otherwise agreed upon.

Exhibit A to Verified Complaint.

After the June 5, 1996 letter was signed, Pacific Foods continued to manufacture SOY–UM and RICE–UM for First Light Foods under the TRADER JOE'S trademark using Pacific Foods' proprietary formulas.

On April 28, 1998, First Light Foods and Pacific Foods signed a "Packing Agreement" setting out the terms for the continued manufacture and packaging of SOY–UM and RICE–UM by Pacific Foods under the agreement between First Light Foods and Trader Joe's. This Packing Agreement set out the following "Recitals:"

A. Pacific owns and operates facilities for developing, manufacturing and packing a variety of drinks, beverages, and other food products. Pacific owns a variety of proprietary formulas and other trade secrets used in its business, and also manufactures products under copacking arrangements utilizing proprietary formulas owned by third parties.

Pacific is the exclusive owner of proprietary formulas for rice base and soy base beverages which have been and will be sold in Trader Joe's retail stores under the brand names "Soy–Um," "Rice–Um," "Trader Joe's Soy–Um," and "Trader Joe's Rice–Um" and other similar or related brand names or derivatives (hereafter "the Trademark"). FLF is the sole and exclusive owner of these brand names.

B. FLF requests that Pacific develop, manufacture and package rice base and soy base beverages ("the Product", as further defined below) for sale under the Trademark or other similar brand name derivatives, including those beverages for sale exclusively in Trader Joe's retail outlets, on the terms and conditions set forth below.

C. FLF has entered into an agreement with Trader Joe's regarding the exclusive sale and supply of Trader Joe's requirements for beverage products sold under the Trademark brand names. That agreement is attached as Exhibit A, and Pacific has expressly relied upon that agreement in entering into this Agreement. It is the intent of FLF that Pacific provide all of the requirements for products to Trader Joe's under Exhibit A [the June 5, 1996 letter].

Exhibit B to Verified Complaint, p. 1.

In 1997, First Light Foods obtained a federal trademark registration, Reg. No. 2,090,523, for SOY–UM. In 1998, First Light Foods obtained a federal trademark registration, Reg. No. 2,164,742, for RICE–UM. In February of 2001, Sunrich acquired Jenkins & Gournoe, Inc., doing business as First Light Foods, including the registered trademarks for SOY–UM and RICE–UM.

## CONTENTIONS OF SUNRICH

Sunrich moves the court for an order of partial summary judgment dismissing Pa-

cific Foods' counterclaim four alleging trademark cancellation. Sunrich contends that Pacific Foods does not have standing to sue for cancellation of Sunrich's trademarks because no justiciable trademark controversy exists. Sunrich explains that Pacific Foods has never alleged or shown in any way that Pacific Foods is damaged by Sunrich's registrations for SOY–UM or RICE–UM.

If the court determines that Pacific Foods has standing, Sunrich contends that Pacific Foods is estopped from challenging the validity of the SOY–UM and RICE–UM trademarks by Pacific Foods prior written acknowledgment in the Packing Agreement that Sunrich is the owner of the marks.

Sunrich further contends that there is no factual basis to support the claim by Pacific Foods that the SOY–UM and RICE–UM trademarks have been abandoned by the grant of a naked license. Sunrich explains that neither Pacific Foods nor Trader Joe's is a licensee of Sunrich. In the event that the court finds that Sunrich did license the marks, Sunrich contends that it exercised quality control over the manufacture of SOY–UM and RICE–UM, either directly or by imputation.

## CONTENTIONS OF PACIFIC FOODS

Pacific Foods moves the court for an order of partial summary judgment providing for 1) the cancellation of Sunrich's trademark registration on the SOY–UM and RICE–UM marks; and 2) the termination of any claim of ownership of Sunrich in the marks SOY–UM and RICE–UM. Pacific Foods contends that Sunrich failed to exercise appropriate quality control over the SOY–UM and RICE–UM marks under the license agreement with Trader Joe's and the Packing Agreement with Pacific Foods. Pacific Foods contends that Sunrich has abandoned the marks and is barred from enforcing any rights under the marks.

Pacific Foods contends that it has standing to sue for trademark cancellation because Sunrich has accused it of trademark infringement. In addition, Pacific Foods contends that it is not estopped by the Packing Agreement from challenging the validity of the SOY–UM and RICE–UM trademarks.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## ANALYSIS

■ In order to bring a claim for trademark cancellation, Pacific Foods must establish standing. Standing is "a threshold inquiry directed solely to establishing interest of the party." *Lipton Indus. v. Ralston Purina Co.*, 670 F.2d 1024, 1028 (C.C.P.A.1982).

■ The Lanham Act requires only that the cancellation petitioner plead and prove facts showing a "real interest" in the proceedings in order to establish standing. *International Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed.Cir.1984). A cancellation petitioner must show that he is "more than an intermeddler" but rather has a personal interest, and that "there is [a] real controversy between the parties." *Lipton Indus.*, 670 F.2d at 1028–29. In order to have standing to assert a cancellation claim against Sunrich's trademarks, SOY–UM and RICE–UM, Pacific Foods must show "a real and rational basis for

[its] belief that [it] would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in [its] own mark." *Star–Kist Foods,. Inc. v. P.J. Rhodes & Co.,* 735 F.2d 346, 349 (9th Cir.1984).

■ Initially, Pacific Foods contends that it has standing to challenge the Sunrich trademarks because Sunrich has asserted various trademark infringement claims against Pacific Foods. Sunrich contends that it has not asserted any trademark infringement claims against Pacific Foods, and that Pacific Foods is not a defendant in an infringement action entitled to sue for defensive cancellation.

The complaint filed by Sunrich against Pacific Foods does not assert any claim for trademark infringement. Pacific Foods does not have standing to assert the defense of trademark cancellation in response to a claim for trademark infringement.

■ Pacific Foods further contends that it has "standing to challenge Sunrich's marks as a party to the trademark relationship at issue in this lawsuit, i.e. the manufacturer of SOY–UM and RICE–UM products under the June 1996 Co–Brand Agreement between Trader Joe's Company and [First Light Foods]." Defendant Pacific Foods' Memorandum in Support of Defendant's Motion for Partial Summary Judgment, p. 23. Sunrich contends that Pacific Foods is not a party to the Co–Brand Agreement between Trader Joe's and Sunrich, and that the agreement does not even mention Pacific Foods. Sunrich contends that Pacific Foods has not established that it will suffer an injury if Sunrich retains the right to the SOY–UM and RICE–UM marks.

■ A party to a trademark manufacturing relationship that is in dispute has standing to assert a counterclaim for trademark cancellation and abandonment.

In *National Bd. for Certification in Occupational Therapy, Inc. v. American Occupational Therapy Ass'n,* 24 F.Supp.2d 494, 501 (D.Md.1998), the plaintiff and the defendant had an agreement which allowed the defendant to use the plaintiff's trademarks on certification standards placed upon various products and promotional materials. A dispute arose between the plaintiff and the defendant over the ownership and the right to use the plaintiff's marks. The court concluded that the defendant had standing to challenge the marks because "there is a likelihood that [the defendant] will suffer injury in fact— diminished revenues—if it loses the fight with [the plaintiff] over certification standards." *Id.,* n. 2.

In this case, Pacific Foods is not a party to the Co–Brand Agreement between Trader Joe's and Sunrich, and there is no dispute over the ownership or the right to use the SOY–UM and RICE–UM marks under the terms of the Co–Brand Agreement. The court concludes that the Co–Brand Agreement between Sunrich and Trader Joe's does not provide a basis for Pacific Foods to seek cancellation of the SOY–UM and RICE–UM marks.

■ Finally, Pacific Foods contends that it has standing under 15 U.S.C. § 1125(a) to allege cancellation of a trademark where the mark will cause confusion or deception. Pacific Foods contends that the continued use of SOY–UM and RICE–UM without adequate quality control has and will continue to deceive consumers regarding the origin of SOY–UM and RICE–UM. Sunrich contends that there are no facts alleged by Pacific Foods which establish that Pacific Foods has standing to seek cancellation of the SOY–UM and RICE–UM marks under section 1125(a).

15 U.S.C. § 1125(a)(1) provides that:

Any person who, on or in connection with any goods or services, or any con-

tainer for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

There are no facts alleged in the counterclaim by Pacific Foods for trademark cancellation which support a claim under section 1125(a) for false association or false advertising.

While there is a controversy between Sunrich and Pacific Foods arising out of their contractual and business relationship and responsibilities, there is no injury claimed by either Sunrich or Pacific Foods which arises out of a controversy over the validity of or interference with the SOY–UM and RICE–UM marks. Pacific Foods has not alleged or proven that it has been damaged in any way by Sunrich's registration of the SOY–UM and RICE–UM marks. There is no claim of a conflicting mark or any claim that Pacific Foods has any actual or pecuniary interest in the marks registered by Sunrich. The court concludes, therefore, that Pacific Foods has not established that it may be damaged in any way by the registration of the marks sought to be cancelled and has no standing to assert a claim for cancellation of Sunrich's marks.

██ The breach of contract and interference with business relationship claims and counterclaims made by Sunrich and Pacific Foods against each other arise directly from the Packing Agreement entered into on April 28, 1998 between Pacific Foods and Jenkins & Gournoe, Inc. DBA First Light Foods and do not arise from any controversy over the ownership or validity of the trademarks. The Packing Agreement does not license Pacific Foods to use the SOY–UM and RICE–UM marks and states that "FLF is the sole and exclusive owner of these brand names ['Soy-Um,' 'Rice-Um']." Exhibit B to Verified Complaint, p. 1. The Packing Agreement was prepared on Pacific Foods' letterhead and is signed by Charles Eggert, President, Pacific Foods. The court concludes that Pacific Foods is estopped by this express, unambiguous representation from challenging the validity of these marks in this action. *See Pacific Supply Coop. v. Farmers Union Central Exch., Inc.*, 318 F.2d 894, 906 (9th Cir.1963).

## CONCLUSION

Sunrich Food Group, Inc.'s motion for partial summary judgment (# 93) is granted; defendant Pacific Foods of Oregon, Inc.'s cross-motion for partial summary judgment (# 164) is denied; and Claim Four of the Answer, Affirmative Defenses and First Amended Counterclaims of defendant Pacific Foods of Oregon, Inc. is dismissed.

## OPINION AND ORDER ON MOTION FOR RECONSIDERATION AND CIARIFICATION

HAGGERTY, District Judge.

The matter before the court is the motion for reconsideration and clarification

filed by defendant Pacific Foods of Oregon (# 226).

## BACKGROUND

In an opinion and order filed September 17, 2002, the court granted a motion for partial summary judgment filed by plaintiff Sunrich Food Group, Inc. (Sunrich) and dismissed defendant Pacific Foods of Oregon's (Pacific Foods') fourth counterclaim for cancellation of Sunrich's trademark. The court stated that:

there is no injury claimed by either Sunrich or Pacific Foods which arises out of a controversy over the validity of or interference with the SOY–UM and RICE–UM marks. Pacific Foods has not alleged or proven that it has been damaged in any way by Sunrich's registration of the SOY–UM and RICE–UM marks. There is no claim of a conflicting mark or any claim that Pacific Foods has any actual or pecuniary interest in the marks registered by Sunrich. The court concludes, therefore, that Pacific Foods has not established that it may be damaged in any way by the registration of the marks sought to be cancelled and has no standing to assert a claim for cancellation of Sunrich's marks.

Opinion, p. 1279.

## CONTENTIONS OF THE PARTIES

Defendant Pacific Foods contends that the court committed clear error in granting partial summary judgment for plaintiff Sunrich and dismissing Pacific Foods' trademark counterclaim where there exists material disputed issues of fact and law. Pacific Foods contends that it has standing to assert a claim under 15 U.S.C. § 1125(a) because it has suffered a commercial injury harmful to its ability to compete with Sunrich. Pacific Foods further contends that the court committed clear error by concluding that Pacific Foods is estopped from challenging the validity of the marks. Finally, Pacific Foods asks the court to

clarify whether the dismissal of the fourth counterclaim is with or without prejudice.

Sunrich contends that Pacific Foods's motion for reconsideration should be denied on the grounds that Pacific Foods has not introduced any new facts, law or arguments and that the court has already carefully considered no less than seven briefs regarding this counterclaim. Sunrich contends that the court correctly concluded that Pacific Foods has no standing under 15 U.S.C. § 1125(a) for deceptive use of trademark. In addition, Sunrich contends that the court correctly concluded that Pacific Foods is estopped from challenging the validity of Sunrich's marks. Finally, Sunrich contends that the dismissal in this case operates as an adjudication on the merits which is equivalent to a dismissal with prejudice.

## APPLICABLE LAW

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other highly unusual circumstances warranting reconsideration. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

## ANALYSIS

1) *Standing Under 15 U.S.C. § 1125(a)*

Pacific Foods contends that it has established that it suffered a commercial injury in the form of complaints and confusion from Trader Joe's—a customer of both Sunrich and Pacific Foods—concerning the origin of poorly perceived aseptic packaged beverages. Pacific Foods explains that it was the sole manufacturer of the aseptic packaged beverages sold under the Trader Joe's SOY–UM and Trader Joe's

RICE–UM trademarks from 1996 until 2001, and that Sunrich, following the termination of the Packing Agreement, began selling aseptic packaged beverages manufactured by others under these same trademarks. Pacific Foods asserts that consequently "[t]here has been confusion caused as a result of Sunrich Food Group's manufacture of the Trader Joe's SOY–UM and Trader Joe's RICE–UM products. Trader Joe's has received a number of customer complaints concerning the quality, taste and appearance of soy and rice beverages under Trader Joe's private label." Defendant's Memorandum in Support of its Motion for Reconsideration, quoting the Fifth Declaration of Charles Eggert, para. 12.

Sunrich contends that section 1125(a) only confers standing where the deceptive use of a trademark causes commercial injury. Sunrich contends that Sunrich's decision to re-source the manufacturing of its products to a new co-packer does not constitute deceptive use of trademarks.

■ In order to satisfy the standing requirement under 15 U.S.C. § 1125(a)(1), Pacific Foods must establish that it "has a reasonable interest to be protected against false advertising." *Waits v. Frito–Lay, Inc.* 978 F.2d 1093, 1108 (9th Cir.1992). This statute provides two bases of liability: (1) false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device; and (2) false representations in advertising concerning the qualities of goods or services. *Id.* The September 17, 2002 opinion states, in relevant part:

> There are no facts alleged in the counterclaim by Pacific Foods for trademark cancellation which support a claim under section 1125(a) for false association or false advertising.

> While there is a controversy between Sunrich and Pacific Foods arising out of their contractual and business relationship and responsibilities, there is no injury claimed by either Sunrich or Pacific Foods which arises out of a controversy over the validity of or interference with the SOY–UM and RICE–UM marks.

Opinion, p. 1279.

Sunrich provided the Trader Joe's SOY–UM and Trader Joe's RICE–UM products to Trader Joe's pursuant to a written agreement between these parties. The decision by Sunrich to manufacture the Trader Joe's SOY–UM and Trader Joe's RICE–UM products at a source other than Pacific Foods may constitute a breach of the Packing Agreement, but there are no facts to support any claim that Sunrich deceptively used its trademarks in the sale or advertising of its products or that Pacific Foods suffered any commercial injury as a result. There are no grounds to reconsider the court's prior ruling that Pacific Foods lacks standing to assert a counterclaim for trademark cancellation against Sunrich's marks.

2. *Contractual Estoppel*

The September 17, 2002 opinion states, in relevant part:

> The breach of contract and interference with business relationship claims and counterclaims made by Sunrich and Pacific Foods against each other arise directly from the Packing Agreement entered into on April 28, 1998 between Pacific Foods and Jenkins & Gournoe, Inc. DBA First Light Foods and do not arise from any controversy over the ownership or validity of the trademarks. The Packing Agreement does not license Pacific Foods to use the SOY–UM and RICE–UM marks and states that "FLF is the sole and exclusive owner of these brand names ['Soy–Um,' 'Rice–Um']."

Exhibit B to Verified Complaint, p. 1. The Packing Agreement was prepared on Pacific Foods' letterhead and is signed by Charles Eggert, President, Pacific Foods. The court concludes that Pacific Foods is estopped by this express, unambiguous representation from challenging the validity of these marks in this action. *See Pacific Supply Coop. v. Farmers Union Central Exch., Inc.,* 318 F.2d 894, 906 (9th Cir.1963).

Opinion, 1279.

Pacific Foods contends that the court erred in concluding that Pacific Foods is estopped from challenging the validity of Sunrich's marks. Pacific Foods contends that the recitals to the Packing Agreement are merely promises from one party to another and not an agreement between the parties not to contest those promises.

Sunrich asserts that the court correctly concluded that a trademark challenger who earlier admitted a trademark registration was estopped from challenging the registration in the subsequent proceeding.

There are no grounds to reconsider this issue. Pacific Foods simply reargues the prior ruling of the court. It was not clear error to conclude that the statement in the Packing Agreement prepared on Pacific Foods' letterhead and signed by the President of Pacific Foods that "FLF is the sole and exclusive owner of these brand names ['Soy–Um,' 'Rice–Um']" is sufficient to estop Pacific Foods from challenging the validity of the trademarks in this case.

*3) Clarification*

The order of the court filed on September 17, 2002 stated: "IT IS HEREBY ORDERED that 1) Sunrich Food Group, Inc.'s motion for partial summary judgment (# 93) is GRANTED; 2) defendant Pacific Foods of Oregon, Inc.'s cross-motion for partial summary judgment (# 164) is DENIED; and 3) Claim Four of the Answer, Affirmative Defenses and First

Amended Counterclaims of defendant Pacific Foods of Oregon, Inc. is DISMISSED." The grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure entitles Sunrich to "judgment as a matter of law." Fed. R.Civ.P. 56. The subsequent dismissal of the counterclaim pursuant to the grant of judgment as a matter of law operates as an adjudication on the merits and a dismissal with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for reconsideration and clarification filed by defendant Pacific Foods of Oregon (# 226) is DENIED.